# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) LEDA WALTERS,<br><br>                  Plaintiff,<br><br>vs.<br><br>1) DG STRATEGIC II, LLC;<br>2) DOLGENCORP, LLC;<br>3) DOLLAR GENERAL,<br><br>                  Defendants. | ) ) ) ) ) ) No.    20-cv-485-RAW ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1145, Defendants, DG Strategic II, LLC, Dolgencorp, LLC, and Dollar General, hereby give notice of removal of Case No. CJ-2020-40 filed in the District Court of Johnston County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma. In further support, the Defendants, DG Strategic II, LLC, Dolgencorp, LLC, and Dollar General would state:

1. Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Section 1332(a) provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." *Id.* §1332(a).

1

2. On November 16, 2020, Plaintiff's attorney commenced an action in the District Court of Johnston County, State of Oklahoma, by filing a Petition in Case No. CJ-2020-40, styled: *Leda Walters, Plaintiff vs. DG Strategic II, LLC; Dolgencorp, LLC; Dollar General, Defendants.*

3. This action is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because, as set forth below, this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. In compliance with LCvR 81.2(a) of the Local Civil Rules for the U.S. District Court of the Eastern District of Oklahoma, a copy of the State Court docket sheet is attached hereto. (Docket Sheet [Ex. 1]). In compliance with 28 U.S.C. § 1446(a), file-stamped copies of all the process, pleadings, and orders filed in State Court are also attached hereto. (Plaintiff's Petition, [Ex. 2]; Summons, [Ex. 3]; Defendant's Entry of Appearance [Ex. 4]).

5. Plaintiff is a citizen of Johnston County, State of Oklahoma. Thus, for purposes of jurisdiction, Plaintiff is a citizen of Oklahoma.

6. Defendant, DG Strategic II, LLC, is a single-member, member-managed Tennessee LLC. Used to acquire future fee development sites except in FL and AZ, and is wholly owned by Dollar General Corporation. Thus, for the purposes of jurisdiction, Defendant, DG Strategic II, LLC, is a citizen of Tennessee. 28 U.S.C. 1332(c)(1).

7. Defendant, Dolgencorp, LLC, a foreign limited liability company, is a corporation duly organized and existing under the laws of the State of Kentucky and no other state, with its principal place of business in Tennessee, it is not a citizen of Oklahoma. Thus, for the purposes of jurisdiction, Defendant, Dolgencorp, LLC, is a citizen of Tennessee. 28 U.S.C. 1332(c)(1).

8. Defendant, Dollar General, is a corporation duly organized and existing under the laws of the State of Kentucky and no other state, with its principal place of business in Tennessee,

it is not a citizen of Oklahoma.  Thus, for the purposes of jurisdiction, Defendant, Dollar General, is a citizen of Tennessee.  28 U.S.C. 1332(c)(1).

9. In her state court Petition, the Plaintiff has asserted a claim for negligence arising from an incident at the Defendants' store located in Wapanucka, Oklahoma.  Plaintiff alleges that she was injured on August 24, 2019, while shopping in the Dollar General Store.  The Plaintiff asserts in her Petition that she suffered mental anguish and physical pain and suffering from her injuries sustained.  According to her Petition, the Plaintiff is seeking judgment against the Defendants in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, in addition to her attorney's fees and costs.

10. The aforesaid action was commenced by service of summons upon Defendants, on the 30th day of November, 2020, and this Notice of Removal is, therefore, timely filed under the provisions of 28 U.S.C. § 1446.

11. Pursuant to U.S.C. § 1446(d) copies of this Notice of Removal are being served on Plaintiff's counsel and upon the District Court of Johnston County, Oklahoma.

**JURY TRIAL REQUESTED**

Respectfully Submitted,

By: S/Gary W. Farabough
Gary W. Farabough, OBA No. 2816
Warren E. Mouledoux, III, OBA No. 22380
PASLEY, FARABOUGH and MOULEDOUX
P. O. Box 1687
Ardmore, Oklahoma 73402-1687
(580) 223-6766
(580) 223-1776 facsimile
gfarabough@sbcglobal.net

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that, on the same date this Notice of Removal was filed in the United States District Court for the Eastern District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff, by mailing said copies to Plaintiff's Attorneys of Record, J.P. Longacre, 117 North Central, Idabel, Oklahoma, 74745, and further that a copy of said Notice of Removal was delivered to Cassandra Slover, Court Clerk of Johnston County, Oklahoma, 403 West Main Street, Suite 201, Tishomingo, Oklahoma, 73460.

        s/Gary W. Farabough  
        Gary W. Farabough